**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**AT WHEELING**

**COURTNEY R. FERGUSON &
DAVID SCHREIBER,**

        **Plaintiffs,**

v.　　　　　　　　　　　　　　　　Case No. **5:21-CV-3 (Bailey)**

**MARKEITH SAUNDERS &
MIETE L.L.C.,**

        **Defendants.**

ELECTRONICALLY FILED
Jan 06 2021
U.S. DISTRICT COURT
Northern District of WV

### NOTICE OF REMOVAL BY DEFENDANT MIETE L.L.C.

**TO THE HONORABLE JUDGES OF THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

Under 28 U.S.C. §1441 and §1446, Defendant Miete L.L.C., ("Miete") removes this action, which is now pending in the Circuit Court of Ohio County, West Virginia, to the United States District Court for the Northern District of West Virginia. This Court has original jurisdiction over this matter under diversity jurisdiction pursuant to 28 U.S.C. §1332(a), because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. To support this removal, Defendant Miete states as follows:

### I. VENUE

Plaintiffs Courtney R. Ferguson and David Schreiber filed this action in the Circuit Court of Ohio County, West Virginia, Civil Action Number 20-C-247 on December 1, 2020. Because the case was filed in Ohio County, this Court is the appropriate venue for removal.

### II. TIMELINESS OF NOTICE OF REMOVAL

Plaintiffs filed their Complaint against Defendant Miete on December 1, 2020. Plaintiffs served Miete with the Complaint via certified mail on December 7, 20202 (See copy of the Docket

Sheet and the court file attached as **Exhibit A**.) Therefore, under the second paragraph of 28 U.S.C. §1446(b), this Notice of Removal is being filed within 30 days after receipt of service of process (as defined by Rule 6 of the Federal Rules of Civil Procedure), and less than 1 year after the commencement of the action.  This Notice of Removal is therefore timely.

### III.  DIVERSITY OF CITIZENSHIP

According to the Complaint, Plaintiff Courtney R. Ferguson is a citizen and resident of Ventura County, California.  Complaint at ¶1.  Plaintiff David Schreiber is a citizen and resident of Ohio County, West Virginia.  Complaint at ¶2.  Defendant Miete is a Colorado limited liability corporation with its principal place of business in Colorado. Complaint at ¶4. Upon information and belief, Defendant Markeith Saunders, is a resident of Harris County, Texas.  Complaint at ¶3.  Therefore, complete diversity exists among the parties.

### IV. AMOUNT IN CONTROVERSY

Plaintiffs have not pled a specific damage amount in their Complaint.  However, the amount in controversy exceeds $75,000 due to this fact: if Plaintiffs were to win this lawsuit and receive the damages they seek from Miete, the total damages would exceed $75,000.

The burden of establishing that the amount in controversy exceeds $75,000, exclusive of interests and costs, rests with the party seeking removal.  Durbin v. Dacar, No. CIV.A. 5:09CV54, 2010 WL 520190, at *1 (N.D. W. Va. Feb. 10, 2010) citing Mulcahey v. Columbia Organic Chems. Co. Inc., 29 F.3d 148, 151 (4th Cir. 1994).  When the amount of damages a Plaintiff seeks is unclear, for example, by failing to plead a specific dollar amount in the Complaint, then the Defendant must establish the jurisdictional amount by a preponderance of the evidence. See Marshall v. Kimble, No. CIV.A. 5:10CV127, 2011 WL 43034, at *2 (N.D. W. Va. Jan. 6, 2011); Allman v. Chancellor Health Partners, Inc., No. CIV.A 5:08CV155, 2009 WL 514086 (N.D. W. Va. Mar. 2,

2009). To meet the preponderance of the evidence standard and establish that removal is proper, "a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." Heller v. TriEnergy, Inc., No. CIV.A. 5:12CV45, 2012 WL 2740870 (N.D. W. Va. July 9, 2012).

Although the defendant has the burden of proving the claim meets the jurisdictional amount, in circumstances in which no specific amount of damages is set forth in the complaint "the court may consider its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional amount." Id. citing Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994). To determine the amount in controversy, "the court can look to evidence available at the time of removal to fill in the missing amount." Id. citing Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997). In addition, "the court can [] use its 'common sense' to determine an amount for jurisdictional purposes. Durbin at *2 citing Mullins, 861 F. Supp. at 24.

Herein, the amount Plaintiffs seek exceeds $75,000, which is reflected in Plaintiff Ferguson's attorney's demand letters of April 5, 2019, August 26, 2019, October 28, 2019, and March 12, 2020.

- "At this time, I am demanding $500,000 or your insured's available policy limits, if of a lesser amount, to settle this matter." April 5, 2019 letter from Paul J. Ratcliffe, Esq. to Segwick [sic] Insurance Company.

- "As previously indicated, I am demanding $500,000.00 at this time to Release your insured." August 26, 2019 letter from Paul J. Ratcliffe, Esq. to Lisa Greenstreet, Segwick [sic] Insurance Company.

- "My demand, at this point, is $150,000.00, or your insured's available policy limits, if of a lessor amount to settle this matter." October 28, 2019 letter from Paul J. Ratcliffe, Esq. to Lisa Greenstreet, Sedgwick Claim Management Services, Inc.

- "Mr. Ferguson's medical injuries and special damages have this claim to be well in excess of $100,000."  March 12, 2020 letter from Paul J. Ratcliffe, Esq. to Michelle Bock, Segwick [sic] Insurance Company.[1]

In this matter, the amount in controversy will exceed $75,000, exclusive of interest and cost, inasmuch as Plaintiffs have alleged temporary and permeant damages to their property and persons.  *To-wit*, Plaintiff Schreiber alleges to have suffered property damage losses, including but not limited to, loss of use, annoyance, inconvenience aggravation, costs and expenses.  Plaintiff Ferguson allege physical injuries of a permanent and lasting nature, including future pain and suffering of great pain of body and mind, a diminution in his ability to care for himself, as well as a future loss of earning capacity.

Neither Plaintiff has restricted or limited their recovery to an amount less than $75.000 in the *ad damnum* clause or otherwise pursuant to a pre-removal binding stipulation limiting damages per McCoy v. Erie Insurance Company, 147 F. Supp. 2nd 481 (S.D. W. Va. 2001).

An evaluation of Plaintiff's allegations, representations, and alleged damages, proves by a preponderance of the evidence that the amount in controversy requirement has been met.  As such, this Court has original jurisdiction, and this matter is properly removed to federal court.

### V.  CONSENT OF ALL DEFENDANTS TO REMOVAL

Defendant Markeith Saunders consents to this removal.  (See, Consent attached hereto as **Exhibit B.**)

---

[1] To the extent that counsel for the Plaintiffs may dispute theses representations, counsel for Miete can provide the Court copies of these communications.  Copies were not attached as exhibits to this notice, as these documents contain private health information about Mr. Ferguson.

**MIETE L.L.C.**

**By: Spilman Thomas & Battle, PLLC**

/s/ Glen A. Murphy
Glen A. Murphy (WV State Bar #5587)
James S. Simon (WV State Bar #13265)
300 Kanawha Boulevard, East (Zip 25301)
P.O. Box 273
Charleston, WV 25321-0273
304-340-3800
304-340-3801 Facsimile
gmurphy@spilmanlaw.com
jsimon@spilmanlaw.com